**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 12-2034-RBW |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY PURSUANT**
**TO RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Chris Fedeli
DC Bar 472919
**JUDICIAL WATCH, INC.**
425 Third Street SW, Suite 800
Washington, DC 20024
cfedeli@judicialwatch.org
(202) 646-5172

Dated: May 8, 2020                                    *Counsel for Plaintiff*

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

Introduction and Summary .................................................................................................................1

Argument ...........................................................................................................................................2

1.  Discovery Into Failure to Preserve Records or Potential Misstatements in This Lawsuit is
    Entirely Proper, and Defendant's Opposition Fails to Show Otherwise ...................................2

2.  Defendant Fails to Account for the Facts Plaintiff has Presented Showing a Probable Failure
    to Adequately Preserve Records and Possible Misstatements, Which Further Justifies
    Discovery ...................................................................................................................................7

3.  None of Plaintiff's Proposed Discovery is Unnecessary, Duplicative, or Burdensome, and
    Defendant Fails to Demonstrate Otherwise ...........................................................................10

Conclusion ......................................................................................................................................15

i

# TABLE OF AUTHORITIES

**Cases**                                                             **Page**

*Chambers v. United States DOI*, 568 F.3d 998 (D.C. Cir. 2009) ....................................6

*Chen v. District of Columbia*, 839 F. Supp. 2d 7 (D.D.C. 2011) .......................................8, 10, 13

*Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145 (D.C. Cir. 2016) ............4

*Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494 (D. Md. 2009) ..................................5

*Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514 (S.D.N.Y. 1992) ...................................6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177 (S.D.N.Y. 2006) .........................6

*Judicial Watch v. Pompeo,* 744 F. App'x 3 (D.C. Cir. 2018) ......................................................2, 3

*Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136 (1980) ..................4, 7

*Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517 (D. Colo. 2003) ........................................6

*Moreno v. Autozone, Inc.*, No. C-05-4432 CRB, 2008 U.S. Dist. Lexis 90699
    (N.D. Cal. Apr. 1, 2008) ............................................................6

*Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543 (N.D. Cal. 1987) ......................8

*Orbit One Communs. v. Numerex Corp.*, 271 F.R.D. 429, 436 (S.D.N.Y 2010) ....................9, 10

*Ryan v. DOJ*, 617 F.2d 781 (D.C. Cir. 1980) ................................................................5

*Shepherd v. American Broadcasting Companies*, 62 F.3d 1469 (D.C. Cir. 1995) ......................13

*Smith v. Cafe Asia*, 246 F.R.D. 19 (D.D.C. 2007) ........................................................13

*Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68 (S.D.N.Y. 1991) ......................................8

*United States v. Asay*, 614 F.2d 655 (9th Cir. 1980) ........................................................6

*United States v. Nixon*, 418 U.S. 683 (1974) ..................................................................7

*Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) ............................................8, 9

**Rules and Statutes**

Fed. R. Civ. P. 37 ...................................................................................................................13

LCvR 16.3 ..............................................................................................................................13

**Miscellaneous**

State Department OIG January 2016 Report, No. ESP-16-01, available at https://oig.state.gov/
    system/files/esp-16-01.pdf. ...............................................................................................14

State Department OIG May 2016 Report, No. ESP-16-03, available at https://oig.state.
    gov/system/files/esp-16-03.pdf ...........................................................................................14

## Introduction and Summary

Defendant's Opposition to Plaintiff's Motion for Discovery presents no genuine rebuttal of Plaintiff's central claim that the State Department failed to preserve records from the time this lawsuit was filed until Secretary Clinton left office.  Plaintiff's Motion seeks discovery into this precise issue.  Defendant wrongly argues the Court is powerless to remedy Defendant's violation of its duty to preserve records because Defendant has exhausted all searches, so no discovery is warranted.  But the facts of this apparent failure to preserve will help the Court determine the scope of potential violations by Defendant.  These facts are also necessary for Plaintiff to establish the legally wrongful nature of any removal of records (which Defendant continues to deny) as well as the inadequacy of the searches under FOIA.  Plaintiff therefore needs discovery into records preservation in this case to properly oppose Defendant's Motion for Summary Judgment.

Furthermore, Defendant's Opposition never fully disputes the allegations that senior State Department managers – including two top officials with primary responsibility for records preservation, Legal Advisor Harold Koh and Under Secretary for Management Patrick Kennedy – knew that Secretary Clinton used the non-state.gov "clintonemail" records system for government business, nor that they knew that litigation seeking documents from those records was pending in this Court.  Nor does Defendant claim that these senior State Department managers made any effort to secure those records for review prior to Secretary Clinton's departure from the State Department (an effort which, if made, failed).  These facts remain unaccounted for in Defendant's Opposition.  This omission demonstrates that discovery should be granted so these facts can be proven.

Finally, none of Plaintiff's proposed discovery is unnecessary, duplicative, or burdensome. Defendant's arguments to the contrary rely on inaccurate and misleading characterizations of Plaintiff's Motion for Discovery. Plaintiff has not sought any duplicative discovery, and the entirety of Defendant's arguments to the contrary consists of strawman arguments. A simple reading of the Proposed Discovery Plan that Plaintiff filed with its Motion for Discovery rebuts each of Defendant's arguments about duplication. ECF 67-1 at Exhibit 2, "Plaintiff's Proposed Discovery Plan."

## ARGUMENT

### 1. Discovery Into Failure to Preserve Records or Potential Misstatements in This Lawsuit is Entirely Proper, and Defendant's Opposition Fails to Show Otherwise

Defendant is mistaken to argue this Court has no power to remedy Defendant's failure to preserve records or the inadequacy of Defendant's searches under FOIA, and therefore discovery is not warranted. ECF 69 at 14-15. Contrary to Defendant's assertion, *Judicial Watch, Inc. v. Pompeo*, 744 Fed. Appx. 3 (D.C. Cir. 2018) does not support its argument. *Pompeo* was a Federal Records Act case which has no bearing on the reasonableness of Defendant's search for records responsive to Plaintiff's FOIA request in this lawsuit. Furthermore, the *Pompeo* decision did not address the available district court remedies for violations beyond inadequate search, such as when a federal agency – apparently with the active assistance of top agency officials – removes records responsive to pending litigation.

Defendant misreads *Pompeo* by characterizing it as limiting FOIA litigation remedies for inadequate searches to remand to the agency for additional searches, which Defendant claims are exhausted in this case. ECF 69 at 15, citing *Pompeo*, 744 Fed. Appx. at 4-5. First, there are other remedies potentially available to Plaintiff and this Court, including appropriate motions and orders concerning Defendant's failure to preserve records or for potential misstatements.

2

Second, subsequent events have proven *Pompeo* wrong even about exhaustion of searches.  The State Department was still finding new batches of previously undisclosed emails from Secretary Clinton as recently as late last year, so Defendant is in no position to assert with any confidence that it will not be finding additional new emails later this year.  *See* Plf. Motion, ECF 67 at 9; *see also* ECF 69-1 (Defendant produced newly discovered Secretary Clinton emails in 2020 in a 2016 FOIA lawsuit).

Plaintiff has no reason to believe it already has all the records it is entitled to in this case.  Defendant has already produced numerous emails from Secretary Clinton's top advisors Jacob Sullivan and Cheryl Mills in this case, indicating the high level of sensitivity of the subject matter of this FOIA request.  *See* Exh. 1, Cheryl Mills and Jake Sullivan Emails Produced in Case 12-2034.  It is more than reasonable to believe Secretary Clinton communicated about the subject matter as well, and yet no records to or from Secretary Clinton on the subject matter of this FOIA lawsuit have been released.  The fact that Plaintiff received multiple emails to and from Mills and Sullivan but did not receive a single email to or from the Secretary indicates a reasonable likelihood that the search was insufficient.  It is unlikely that Secretary Clinton's top advisors would supervise the creation of a video personal message from Secretary Clinton and Barack Obama to air on television to 180 million Pakistani citizens without sending her even one "FYI" or "heads up" email.  Since Defendant produced not a single email to or from Secretary Clinton in this case, it stands to reason that responsive documents were missed and accidentally overlooked in the private review of the former Secretary's emails that resulted in 55,000 pages being returned to State while 31,830 emails were withheld.  *See* ECF 22, Plaintiff's Status Report, Aug. 13, 2015, at ¶¶ 3-7.  If further searches are not an available remedy for this

violation, as Defendant claims, the Court may fashion an appropriate remedy befitting Defendant's malfeasance.

Next, the State Department wrongly argues that *Kissinger* does not apply to this case and therefore does not support Plaintiff's claims that the removed records were properly subject to this FOIA lawsuit. ECF 69 at 17, citing *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136 (1980). While *Kissinger* places some records outside of FOIA, the Supreme Court specifically held FOIA covers all records an agency or official relocates to "purposely evade" FOIA, and all records an agency or official "wrongfully removes" after a FOIA request is filed. 445 U.S. at 155, fn. 9. The fact that this case was filed prior to Secretary Clinton's departure is therefore legally significant. Defendant is wrong that Judge Sullivan's and Judge Lamberth's opening of discovery negates this factual difference. ECF 69 at 16. Both of those Judges allowed Plaintiff discovery into Defendant's "purposeful evasion" of FOIA, but Plaintiff's discovery in this case is targeted to the second prong of *Kissinger* – "wrongful removal." In other words, Plaintiff in this case is seeking discovery into Defendant's violation of the duty to preserve records potentially subject to litigation, which would make any removal wrongful, and not just the agency's broader duties to comply with FOIA or whether evasion was purposeful or not.[1]

Defendant's opposition also fails to distinguish this case from *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145 (D.C. Cir. 2016). ECF 69 at 17-18. Plaintiff's Motion for Discovery argues the records were wrongfully removed in this case, and *Competitive Enter. Inst.* supports this conclusion. 827 F.3d at 149-150. Instead, State incorrectly suggests

---

[1] Plaintiff has no need to seek discovery into purposeful evasion in this lawsuit, which as Defendant points out was addressed in discovery in cases 13-1363 and 14-1242.

that because it has conducted additional searches the legal significance of this ruling no longer
applies, which is a misreading of Plaintiff's argument seeking discovery into the wrongful nature
of the original removal and the adequacy of the searches.  Plf. Motion, ECF 67 at 11.

Defendant also makes the false argument that the clintonemail records were not wrongfully
removed from the State Department because the records were never physically located on State
Department property to begin with.  ECF 69 at 18.  Defendant appears to believe that this alleged
fact insulates it from any obligation it had to preserve government records, or any obligation it
might still have to continue to search for them.  This is wrong.  First, housing government
records off-site has never been held to exempt records from FOIA:

> The straightforward question of who has physical possession of documents has
> not sufficed, in cases before this court, to define whether documents are agency
> records.  A simple possession standard would permit agencies to insulate their
> activities from FOIA disclosure by farming out operations to outside contractors.

*Ryan v. DOJ*, 617 F.2d 781, 785 (D.C. Cir. 1980).  And since it is now undisputed that the
clintonemail system contained at tens of thousands of pages of government records, there should
be little question that this entire records system was subject to FOIA's search requirements
regardless of whether it was stored at Foggy Bottom or Chappaqua.  This establishes that the
clintonemail records were indeed "removed" as a legal matter after Plaintiff's December 2012
lawsuit.  Discovery is necessary to factually establish the "wrongful" nature of this removal,
which is well supported in the law.

Under longstanding rules governing the preservation of records subject to litigation, the
removal was likely "wrongful" despite the unusual arrangement and location of the clintonemail
system.  "Parties to litigation are deemed to be in 'control' of information to which they have
access or the legal right to obtain, even if it is actually in the possession, custody or control of a
third party."  *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 514 (D. Md. 2009)

(examining whether the duty to preserve extended to a defendant's third-party consultants, the court held that even if a party lacked ownership or control of the potential evidence "he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence"); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("The test for the production of documents is control, not location… Documents may be within the control of the party even if they are located abroad."); *Moreno v. Autozone, Inc.*, No. C-05-4432 CRB, 2008 U.S. Dist. Lexis 90699, at *2 (N.D. Cal. Apr. 1, 2008) ("Control is generally defined as the legal right to obtain the documents on demand and at times has been construed more broadly to include the practical ability to obtain the documents sought upon demand," *citing Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 519 (D. Colo. 2003); *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992) (courts require production of documents "if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.").  In addition, preservation obligations are not mitigated when a person or entity gives up control over records they are otherwise required to preserve, as happened here.  *See United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980) (contempt is an available remedy "against one who defeats a summons by relinquishing possession of summoned documents.").

The relevant question is not whether the clintonemail records were located on State Department property at the time of Plaintiff's December 2012 lawsuit, but rather who had control over the records.  *Chambers v. United States DOI*, 568 F.3d 998, 1004 (D.C. Cir. 2009) ("[A]n agency is not shielded from liability if it intentionally transfers or destroys a document after it has been requested under FOIA or the Privacy Act.").  Since the former Secretary of State

appears to have had ultimate control over the clintonemail server and the government records residing on it, and since the former Secretary was the appointed head of the U.S. Department of State at the time of this lawsuit, it appears that the Defendant itself had control over those records in 2012. Any other conclusion would simply place presidential appointees above the law, a position unsupported by precedent. *See generally United States v. Nixon*, 418 U.S. 683 (1974).

In sum, to oppose Defendant's Motion for Summary Judgment, Plaintiff needs facts to prove that Secretary Clinton's February 2013 departure from office, which deprived Defendant of access to clintonemail records, was a "wrongful removal" under *Kissinger*. 445 U.S. 136, 155, fn. 9. That determination, in turn, requires discovery into whether Defendant violated its preservation obligations with respect to the clintonemail records.[2]

## 2.   Defendant Fails to Account for the Facts Plaintiff has Presented Showing a Probable Failure to Adequately Preserve Records and Possible Misstatements, Which Further Justifies Discovery

Defendant wrongly argues that it is of no concern to this Court that Harold Koh was aware of – and sent and received emails to and from – Secretary Clinton's non-state.gov email address. ECF 69 at 19-20. Quite the contrary: if any State Department managers were responsible for ensuring the agency's obedience to the law in this FOIA lawsuit, one was Harold Koh. Defendant also wrongly relies on the State Department Office of Inspector General ("OIG") Reports to exonerate its officials, arguing that the OIG found that employees responsible for overseeing Defendant's response to Plaintiff's FOIA request were not very knowledge about the clintonemail system. ECF 69 at 21 ("senior State Department officials 'stated that they were unaware of the scope or extent of Secretary Clinton's use of a personal email'"). As an initial

---

[2]  While the Supreme Court has not elaborated on what "wrongful removal" means in *Kissinger*, Plaintiff believes that a violation of a duty owed to a federal Court to maintain control over records would likely qualify as "wrongful."

matter, the fact that OIG found imperfect awareness of staff is not proof that no one knew

enough to do more than they did.  Further discovery into that question might turn up more solid

evidence in support of that assertion.  OIG never claimed its investigation was exhaustive, and

the purposes of an Inspector General investigation are different than those of a litigant seeking a

finding of liability by preponderance of evidence.  Second, *even if* Defendant's employees

responsible for processing FOIA requests had no idea Secretary Clinton used a non-state.gov

email address, this would only serve to further implicate Koh and others as potentially derelict in

their duties. *Chen v. District of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) ("A party has a

duty to preserve potentially relevant evidence once that party anticipates litigation … The duty

also extends to the managers of a corporate party, who are responsible for conveying to their

employees the requirements for preserving evidence.") (internal punctuation and citations

omitted).

Insulating managers from relevant knowledge necessary to respond to litigation has never

been held to excuse institutional breach of a duty owed to a Court:

> [T]he responsibility lies with the Veterans Administration to inform its employees
> and agents of the substance of the litigation and to assure that relevant and
> discoverable materials are not destroyed. Far from achieving this objective, the
> procedure described by Mr. Hickman to manage discovery bordered on the
> anarchic. The V.A.'s reckless and irresponsible abrogation of its responsibility to
> assure full compliance with discovery requests cannot be tolerated or excused,
> and is most assuredly sanctionable where it results in the wholesale destruction of
> potentially relevant material.

*Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 558 (N.D. Cal. 1987); *see also*

*Turner v. Hudson Transit Lines, Inc*., 142 F.R.D. 68, 73 (S.D.N.Y. 1991) ("It is no defense to

suggest, as the defendant attempts, that particular employees were not on notice. To hold

otherwise would permit an agency, corporate officer, or legal department to shield itself from

discovery obligations by keeping its employees ignorant."); *Zubulake v. UBS Warburg LLC*, 229

F.R.D. 422, 436 (S.D.N.Y. 2004) ("At the end of the day, however, the duty to preserve and produce documents rests on the party. Once that duty is made clear to a party, either by court order or by instructions from counsel, that party is on notice of its obligations and acts at its own peril."); *Orbit One Communs. v. Numerex Corp.*, 271 F.R.D. 429, 436 (S.D.N.Y 2010) ("Where the client is a business, its managers, in turn, are responsible for conveying to their employees the requirements for preserving evidence.").

However, rather than address substantively whether Defendant actually satisfied its duty to the Court in this case, Defendant changes the subject with a claim that Plaintiff "impugns the integrity" of State Department and Justice Department officials by pointing out that managers and lawyers have responsibility for organizational compliance with laws. ECF 69 at 20. This argument suggests Defendant is unable to dispute Plaintiff's allegations that senior State Department managers' knowledge of Secretary Clinton's use of a non-state.gov clintonemail address for government business means that those managers failed in their duties concerning this lawsuit before this Court. Plaintiff has explained that when Secretary Clinton departed the State Department, she wrongfully took those records with her. ECF 67 at 4, 712. Senior State Department managers failed to take steps to prevent this. Plaintiff does not speculate on why or how they failed but submits that discovery will illuminate their and others' involvement or lack thereof.

Finally, Defendant scarcely attempts to refute the fact that, in addition to Koh, the Justice Department lawyers representing Defendant in this case had a duty to ensure all potentially responsive records were preserved once this lawsuit was filed. There is a substantial question as to whether the Department of Justice failed in that duty. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 436 (S.D.N.Y. 2004) ("Counsel failed to communicate the litigation hold order to all

key players. They also failed to ascertain each of the key players' document management habits. By the same token, UBS employees – for unknown reasons – ignored many of the instructions that counsel gave. This case represents a failure of communication, and that failure falls on counsel and client alike."); *Orbit One Communs. v. Numerex Corp.*, 271 F.R.D. 429, 433 (S.D.N.Y. 2010) ("active supervision of counsel" of the client is of particular importance when litigation holds have been issued); *Chen v. District of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) ("A party has a duty to preserve potentially relevant evidence once that party anticipates litigation. That obligation runs first to counsel, who has a duty to advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction.").  Again, Defendant offers no substantive defense for its lawyers' failure to ensure the preservation of the clintonemail records once this lawsuit was commenced.

### 3.  None of Plaintiff's Proposed Discovery is Unnecessary, Duplicative, or Burdensome, and Defendant Fails to Demonstrate Otherwise

Throughout its brief, Defendant miscasts Plaintiff's motion to argue that the proposed discovery will be unnecessary, duplicative, or burdensome.  Defendant argues that discovery in this case will be duplicative with discovery in cases 14-1242 and 13-1363 because all three cases seek information related to Secretary Clinton's email practices.  ECF 69 at 15-16.  It is true that all three cases sought discovery due to the same underlying lawbreaking, but as Plaintiff already explained, the discovery in this case is narrowly and particularly tailored to matters not addressed in cases 14-1242 and 13-1363.  *See* Plf. Motion, ECF 67 at 5, 11, 12; *see also* ECF 67-1 at Exhibit 2, "Plaintiff's Proposed Discovery Plan."  The fact that the State Department's years-long evasion of FOIA through use of the clintonemail system is the same underlying "reason" giving rise to Plaintiff's discovery needs in this case and in cases 14-1242 and 13-1363 is neither surprising nor evidence of duplicative discovery.  Plaintiff's request for discovery in

this case largely consists of requests for production and interrogatories relating to the processing

and litigation holds for this FOIA lawsuit filed in December of 2012.  *See* ECF 67-1 at Exhibit 2,

"Plaintiff's Proposed Discovery Plan."  Unlike discovery in cases 14-1242 or 13-1363, Plaintiff

is only asking to depose one or more 30(b)(6) witnesses, one third-party witness, and individuals

identified in Defendant interrogatory responses, not multiple named witnesses as in the other

cases.  *Id.*  This difference in discovery plans accurately reflects that the focus of Plaintiff's

Motion for Discovery is information about failures to preserve specific to this lawsuit.  In fact,

not once in Judicial Watch's entire proposed discovery plan does it identify Secretary Clinton's

email practices as a subject of inquiry.  ECF 67-1 at Exhibit 2, "Plaintiff's Proposed Discovery

Plan."  Despite Defendant's claim that Plaintiff failed to explain how this discovery was non-

duplicative (ECF 69 at 10), Plaintiff identified these distinctions in its Motion for Discovery.

Plf. Motion, ECF 67 at 5, 11, 12, and fn. 4.

     Defendant also wrongly claims that discovery relating to the clintonemail system is

duplicative with specific discovery requested and partially granted in Case 14-1242.  ECF 69 at

17.  First, as Plaintiff already explained, Judge Lamberth denied a request for Plaintiff to depose

Mr. Combetta in Case 14-1242, and Plaintiff believes it should be entitled to question this

witness due to his knowledge about potential removal of records.  Plf. Motion, ECF 67 at 18, fn.

7.  Second, Plaintiff's request for documents from Google, Inc., which may possess backup

copies of Secretary Clinton's emails, is not the same as the request granted by Judge Lamberth in

Case 14-1242.  In the instant case, Plaintiff's request for records to Google is limited to

documents responsive to the underlying FOIA request in this lawsuit.  *See* ECF 67-1 at 9, Exhibit

2, "Plaintiff's Proposed Discovery Plan" ("Third party Google LLC shall produce within 21 days

all records in its possession of Secretary Clinton's emails containing the words 'Pakistan' or 'Pakistani' and 'video' or 'videos.'").

Defendant further inaccurately argues that it has already answered questions about the State Department's reaction to Secretary Clinton's emails in a 30(b)(6) deposition in case 14-1242. ECF 69 at 20. The information requested and provided in that deposition bore no relationship to failure to preserve records in response to Plaintiff's initiating this lawsuit against the State Department, nor to Defendant's subsequent statements to the Court in this case. Indeed, the subjects covered in that case 14-1242 deposition are not even close to the same topics into which Plaintiff seeks here. That witness was not asked about processing or preservation efforts made in response to this 2012 lawsuit, nor is there any evidence that witness would even be the proper 30(b)(6) witness for such questions. Both the deposition notice and deposition transcript cited by Defendant discuss entirely different subjects than listed in Plaintiff's proposed discovery plan in this case. The notice said nothing about the specific officials responsible for processing records in this lawsuit, case 12-2034, or how those officials addressed the impact of Secretary Clinton's emails on pending litigation prior to her departure. Furthermore, State's 30(b)(6) deposition answers in Case 14-1242 on the agency's handling of the Clinton emails generally were at such a high level of abstraction as to be completely useless to Plaintiff's very specific potential claims in this case of failure to preserve and lack of candor. Indeed, no witness in cases 13-1363 or 14-1242 has yet answered any questions about the creation of a litigation hold in response to this 2012 lawsuit, or who received copies of that hold memo, or what its instructions were. Plaintiff has not taken or requested discovery into such matters in case 13-1363 or case 14-1242. Plaintiff's proposed discovery plan submitted with its motion calls for discovery of facts about the processing of the FOIA request subject to this lawsuit, the search for records responsive to

this request, litigation holds issued in this lawsuit, preservation of records in this lawsuit, and policies related to litigation holds and preservation of records. *See* ECF 67-1 at Exhibit 2, "Plaintiff's Proposed Discovery Plan."

Defendant also inaccurately argues that Plaintiff is seeking discovery into Federal Records Act ("FRA") violations, and so Plaintiff's request is therefore improper. ECF 69 at 18. Defendant mistakenly believes that Plaintiff's discovery into Defendant's "preservation obligations" means FRA compliance. But Plaintiff has no need to seek discovery into specific preservation obligations imposed by the FRA. As Plaintiff's motion indicates, the preservation obligations which were likely violated in this litigation are obligations Defendant owed to this Court. ECF 67 at 12, citing *Chen v. District of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011). These obligations do not spring from the FRA, but rather come from the Federal Rules of Civil Procedure and the Court's own inherent powers to manage the litigation process. *Shepherd v. American Broadcasting Companies*, 62 F.3d 1469, 1474-1475 (D.C. Cir. 1995) (both Fed. R. Civ. P. 37 and the court's inherent powers create a duty to preserve records potentially subject to litigation, and the violation of that duty is sanctionable). Both the Court's inherent powers and Fed. R. Civ. P. 37 apply in FOIA litigation. *See* LCvR 16.3(b)(9) (certain provisions of Fed. R. Civ. P. Rules 16 and 26 do not apply to FOIA litigation). Indeed, Plaintiff would have the same claims for violation of a duty to preserve if the State Department were, under these facts, a private litigant and not even subject to the FRA. *Smith v. Cafe Asia*, 246 F.R.D. 19, 21 fn. 1 (D.D.C. 2007) ("A party is obliged to preserve potentially relevant evidence once he anticipates litigation."). Defendant's arguments about the FRA may therefore be ignored. ECF 69 at 18.

Defendant next makes the inaccurate and misleading claim that this case was reopened only for the "limited purpose" of searching the 55,000 pages Secretary Clinton returned to State and

other "newly acquired" emails, such as the emails the FBI found in late 2019.  ECF 69 at 22-23.
In fact, the Court never limited the case in such a way, and nor did Plaintiff ever agree to limit its
claims in this case so drastically, as Defendant is aware.  *See* Exh. 2, Email from Chris Fedeli to
Marsha Edney, March 28, 2016.  Plaintiff communicated to Defendant prior to filing the Joint
Motion to Reopen that Plaintiff was reserving all its rights to relief and would make its case to
the Court for all relief deemed necessary.  *See* Exh. 3, Email from Chris Fedeli to Marsha Edney,
April 30, 2015.  Accordingly, the citation to the Joint Motion to Reopen merely reflects the State
Department's unwillingness to litigate this case further, which is not grounds for this Court to
deny Plaintiff's motion.

Wrapping up its efforts to evade justified discovery, Defendant makes inapplicable
comparisons between State Department OIG Reports and Plaintiff's motion, claiming discovery
here would be duplicative with the good investigatory work done by the OIG.  ECF 69 at 21.
The State Department OIG has investigated Defendant's compliance with records management
and FOIA laws and found them lacking.[3]  Defendant's argument with respect to the OIG Reports
boils down to a claim that all the wrongdoing has now already been discovered, there is nothing
more to see here, so Plaintiff and this Court should just move along.  ECF 69 at 21.  First, there
is no evidence that the OIG investigated events surrounding the processing of this 2012 FOIA
request and lawsuit, nor do the OIG Reports claim to be comprehensive of all wrongdoing
committed in all specific cases to various litigants or Courts.  Also, the OIG Reports contains
summaries of interviews conducted in a way that preserved the anonymity of officials, evidence
which is insufficient for the claims Plaintiff may ultimately wish to make in this case.  The

---

[3] *See* State Department OIG May 2016 Report, No. ESP-16-03, available at
https://oig.state.gov/system/files/esp-16-03.pdf; State Department OIG January 2016 Report, No.
ESP-16-01, available at https://oig.state.gov/system/files/esp-16-01.pdf.

wrongdoing in this case before this Court is the subject matter Plaintiff now seeks discovery into, which is different from what the OIG examined.  Plaintiff is seeking discovery into *how*, if the OIG Report is accurate, State Department officials or Justice Department lawyers were kept in the dark about the clintonemail system, and by whom.

**Conclusion**

Plaintiff's Motion for Discovery should be granted.  Furthermore, considering Defendant's Opposition, the Court should adopt Plaintiff's Proposed Discovery Plan without further briefing.

Dated:  May 8, 2020                                    Respectfully submitted,

                                                                         *s/ Chris Fedeli*
                                                                        Chris Fedeli
                                                                        DC Bar 472919
                                                                        **JUDICIAL WATCH, INC.**
                                                                        425 Third Street SW, Suite 800
                                                                        Washington, DC 20024
                                                                        cfedeli@judicialwatch.org
                                                                        (202) 646-5172

                                                                        *Counsel for Plaintiff*

15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Civil Action No. 12-cv-2034-RBW

---

**INDEX OF EXHIBITS**

Exhibit 1 – Cheryl Mills and Jacob Sullivan Emails Produced in Case 12-2034

Exhibit 2 – Email from Chris Fedeli to Marsha Edney, March 28, 2016

Exhibit 3 – Email from Chris Fedeli to Marsha Edney, April 30, 2015

Exh. 1

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

REVIEW AUTHORITY:  Archie Bolster, Senior Reviewer

**Logsdon, Michelle R**

| | |
|---|---|
| **From:** | Sonenshine, Tara D |
| **Sent:** | Monday, September 17, 2012 10:03 PM |
| **To:** | Logsdon, Michelle R; Rosenthal, Aviva S |
| **Subject:** | Fw: Urgent Request for Clearance to Disseminate Video Clip |

RELEASED IN PART B5

??? We should discuss how this unfolded.

**From:** Smith, Dana S (PA)
**Sent:** Monday, September 17, 2012 06:21 PM
**To:** Logsdon, Michelle R; Sonenshine, Tara D
**Subject:** Fw: Urgent Request for Clearance to Disseminate Video Clip

Fyi. Jake's "skinnying the list" only works when you don't have Eileen "fattening" it back up!

**From:** O'Connor, Eileen
**Sent:** Monday, September 17, 2012 06:17 PM
**To:** Hoagland, Richard E; Schalow, Kathryn; Harris, Rian H
**Cc:** Lucas, Laura D; Feldman, Daniel F; Haq, Nayyera; Pearce, David D; Hayden, Caitlin <Caitlin_M_Hayden@nss.eop.gov>; Smith, Dana S (PA)
**Subject:** FW: Urgent Request for Clearance to Disseminate Video Clip

Ambassador:

**You are good to go with all clearances but please see below.  We need to make it clear that this is USG message by using the seal below.  Caitlin would like to get you the video clean so you don't use the bug on it.  We will try to effort that and get it up on YouTube or something.**

**Best regards**
**Eileen**

**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 5:39 PM
**To:** Visek, Richard C; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Thanks – assume others will implement.

**From:** Visek, Richard C
**Sent:** Monday, September 17, 2012 5:30 PM
**To:** Mills, Cheryl D; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Cheryl – From a legal standpoint

B5

1

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

B5

Rich

SBU
This email is UNCLASSIFIED.


**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 4:18 PM
**To:** Mills, Cheryl D; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Visek, Richard C; Koh, Harold Hongju
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

+ Rich Visek and Harold Koh for quick turn around

**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 3:56 PM
**To:** Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

No objection – should we have L review with a short window?

cdm

**From:** Sherman, Wendy R
**Sent:** Monday, September 17, 2012 3:49 PM
**To:** Sullivan, Jacob J; Mills, Cheryl D; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

**From:** Sullivan, Jacob J
**Sent:** Monday, September 17, 2012 3:00 PM
**To:** Mills, Cheryl D; Kennedy, Patrick F; Burns, William J; Sherman, Wendy R; Mull, Stephen D
**Cc:** Smitham, Thomas D
**Subject:** FW: Urgent Request for Clearance to Disseminate Video Clip

Skinnying list. CDM et al, I am for doing this, provided we quickly run the traps. What do you think?

**From:** Smith, Dana S (PA)
**Sent:** Monday, September 17, 2012 2:51 PM
**To:** Hoagland, Richard E; Haq, Nayyera; Schalow, Kathryn; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Nides, Thomas R; Macklin, Ronita; Ventrell, Patrick H; Sherman, Wendy R; Sonenshine, Tara D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R; McCall, Dawn L; Pearce, David D; Specht, Linda; Pratt, Jonathan G; McCormick, James P; Sullivan, Jacob J; Mills, Cheryl D; Hammer, Michael A
**Subject:** Re: Urgent Request for Clearance to Disseminate Video Clip

2

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

Setting aside my basic distaste for being compared to Dilbert, I have checked and IIP is not producing their own video.

Now that this has been raised higher, PA clearance isn't the final word. I will simply offer my own recommendation to clear post _____

B5

**From:** Hoagland, Richard E
**Sent:** Monday, September 17, 2012 02:25 PM
**To:** Smith, Dana S (PA); Haq, Nayyera; Schalow, Kathryn; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Nides, Thomas R; Macklin, Ronita; Ventrell, Patrick H; Lucas, Laura D; Sherman, Wendy R; Sonenshine, Tara D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R; McCall, Dawn L; Pearce, David D; Specht, Linda; Pratt, Jonathan G; Kofmehl, Scott; McCormick, James P; Sullivan, Jacob J; Mills, Cheryl D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Colleagues:

I've had many messages and phone calls this evening on this issue.  Let me try to be brief.

We have an opportunity to move fast.

With your permission, I'd like us to do so.

Dick

Amb. Richard E. Hoagland
Charge d'affaires, a.i.
U.S. Embassy Islamabad
TEL:  92 51 208 2502

3

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

FAX: 92 51 208 2559
E/M: HoaglandRE@state.gov

SBU
This email is UNCLASSIFIED.

**From:** Smith, Dana S (PA)
**Sent:** Monday, September 17, 2012 10:58 PM
**To:** Haq, Nayyera; Schalow, Kathryn; Hoagland, Richard E; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R; McCall, Dawn L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

There are a couple of things I see as potentially problematic here:

B5

I have asked IIP if they are producing a video.

I am open to other thoughts if people disagree and more info on the questions above.

**From:** Haq, Nayyera
**Sent:** Monday, September 17, 2012 1:43 PM
**To:** Schalow, Kathryn; Hoagland, Richard E; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R; Smith, Dana S (PA)
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

+ Dana Smith in Big PA

**From:** Schalow, Kathryn
**Sent:** Monday, September 17, 2012 1:40 PM
**To:** Hoagland, Richard E; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Haq, Nayyera
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R
**Subject:** Re: Urgent Request for Clearance to Disseminate Video Clip

All, per earlier conversations with washington and internally here. We are attempting a rapid response to a volatile situation on the ground.

4

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

**From:** Hoagland, Richard E
**To:** Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Haq, Nayyera
**Cc:** Henick, Jonathan D; Schalow, Kathryn; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A
**Sent:** Mon Sep 17 22:19:12 2012
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Eileen:

I fully support this.  Can we get the Washington chop overnight?

Dick

---

**Amb. Richard E. Hoagland**
Charge d'affaires, a.i.
U.S. Embassy Islamabad
TEL:  92 51 208 2502
FAX:  92 51 208 2559
E/M:  HoaglandRE@state.gov

---

This email is UNCLASSIFIED.

**From:** Harris, Rian H
**Sent:** Monday, September 17, 2012 9:06 PM
**To:** O'Connor, Eileen; Lucas, Laura D; Haq, Nayyera
**Cc:** Henick, Jonathan D; Schalow, Kathryn; Hoagland, Richard E; Saeed, Irfan A; Kofmehl, Scott
**Subject:** Urgent Request for Clearance to Disseminate Video Clip

Colleagues:

As you may have seen from the SitReps, although rain dampened turnout at planned demos in Islamabad, and gatherings were relatively peaceful in Peshawar,  there were continued clashes between police and protestors in Karachi and Lahore, and we expect more demonstrations tomorrow (with even larger crowds in Karachi).

B5

Black Box has produced a one minute clip using video footage from the President's Rose Garden Remarks and the Secretary's Remarks at the U.S. – Morocco Strategic Dialogue.  Here are the instructions for viewing it on a private link

5

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

on YouTube.  Note that you must use Google Chrome to access this, and note that the version distributed will be high-res.

Go to www.youtube.com
Sign in using the following information:
Username: blackboxsounds1@gmail.com
Password: blackboxsounds
Click on the Black Box Sounds tab on the right
Click on Video Manager
Find video with title: A Message from the U.S. Government.

This clip will be subtitled in Urdu (translation being monitored by the head of our CVE unit), and placed on the following media outlets multiple times a day during prime time slots Tuesday through Friday:

PTV Home - Terrestrial
A TV - Terrestrial
Dawn News – National
Geo News – National
Aaj TV - National
KTN – Local/Sindh
Khyber TV  - Local/KP/ FATA
Appna TV – Local/Punjab
Waseb TV – Local/Seraiki (S. Punjab)

The clip will also run on the largest radio stations – i.e. Radio Pakistan, FM 100, FM 89, FM 91, and FM 104 during prime time spots.  For radio, the clip will not be dubbed in Urdu – it is post/Black Box's judgment that this would be inappropriate, and we believe that levels of English comprehension are high enough that the message will be clear to a reasonable audience segment.

The cost of placement will be approximately $85,000.  If we want to cut out radio, the cost will be $70,000.  BlackBox provided the technical support to create the clip at no cost.  Post has this funding available.

If you can support this, we are seeking your approval today, so that we can start running the clips tomorrow before the demonstrations begin.

Kath will follow up with Eileen with a phone call on this.

Best,
Rian

6

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340344  Date: 09/05/2014

Obtained by Judicial Watch, Inc. via FOIA

| Visek, Richard C | | **RELEASED IN PART**<br>**B5** |
|---|---|---|

| | |
|---|---|
| **From:** | Sherman, Wendy R |
| **Sent:** | Monday, September 17, 2012 7:54 PM |
| **To:** | Mills, Cheryl D; Visek, Richard C; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D |
| **Cc:** | Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L; Smith, Dana S (PA) |
| **Subject:** | RE: Urgent Request for Clearance to Disseminate Video Clip |

When one has been absent from email for awhile, one should always start from the top! Great it's all underway. Thanks.

**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 7:34 PM
**To:** Sherman, Wendy R; Visek, Richard C; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L; Smith, Dana S (PA)
**Subject:** Re: Urgent Request for Clearance to Disseminate Video Clip

REVIEW AUTHORITY: Archie Bolster, Senior Reviewer

Dana is

**From:** Sherman, Wendy R
**Sent:** Monday, September 17, 2012 07:32 PM
**To:** Mills, Cheryl D; Visek, Richard C; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L
**Subject:** Re: Urgent Request for Clearance to Disseminate Video Clip

Happy to tell folks YES and proceed to implement . Thanks

**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 05:38 PM
**To:** Visek, Richard C; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Thanks – assume others will implement.

**From:** Visek, Richard C
**Sent:** Monday, September 17, 2012 5:30 PM
**To:** Mills, Cheryl D; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Cheryl – From a legal standpoint,

B5

Rich

SBU
This email is UNCLASSIFIED.

1

C05340990 FED. U.S. Department of State Case No. F-2012-37335 Doc No. C05340990 Date: 08/14/2013
Case 1:12-cv-02034-RBW Document 76-3 Filed 09/08/20 Page 29 of 42
Obtained by Judicial Watch, Inc. via FOIA

REVIEW AUTHORITY: Archie Bolster, Senior Reviewer

## Luther, Lorre M

**RELEASED IN PART B5**

| | |
|---|---|
| **From:** | Harris, Rian H |
| **Sent:** | Thursday, September 20, 2012 10:59 AM |
| **To:** | Lucas, Laura D; Nuland, Victoria J; Smith, Dana S (PA); O'Connor, Eileen; Hoagland, Richard E; Schalow, Kathryn |
| **Cc:** | Feldman, Daniel F; Haq, Nayyera; Pearce, David D; Hayden, Caitlin; Sonenshine, Tara D; Sullivan, Jacob J; Smitham, Thomas D; Brennan, Peter M |
| **Subject:** | RE: Urgent Request for Clearance to Disseminate Video Clip |

I have provided some edits and the complete transcript below:

**From:** Lucas, Laura D
**Sent:** Thursday, September 20, 2012 7:39 PM
**To:** Nuland, Victoria J; Smith, Dana S (PA); O'Connor, Eileen; Hoagland, Richard E; Schalow, Kathryn; Harris, Rian H
**Cc:** Feldman, Daniel F; Haq, Nayyera; Pearce, David D; Hayden, Caitlin; Sonenshine, Tara D; Sullivan, Jacob J; Smitham, Thomas D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Resending our current guidance to this distro:

B5

1

Obtained by Judicial Watch, Inc. via FOIA

B5

This email is UNCLASSIFIED.

**From:** Nuland, Victoria J
**Sent:** Thursday, September 20, 2012 10:33 AM
**To:** Smith, Dana S (PA); O'Connor, Eileen; Hoagland, Richard E; Schalow, Kathryn; Harris, Rian H
**Cc:** Lucas, Laura D; Feldman, Daniel F; Haq, Nayyera; Pearce, David D; Hayden, Caitlin; Sonenshine, Tara D; Sullivan, Jacob J; Smitham, Thomas D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Here are the q's we are getting.

What we are looking for is:
1) who produced them and decided on the content?
2) when did you decide to air them and on what networks in Pakistan?
3) where else, if anywhere, are they being aired?
3) the verbatim script

**From:** Smith, Dana S (PA)
**Sent:** Thursday, September 20, 2012 10:20 AM
**To:** O'Connor, Eileen; Hoagland, Richard E; Schalow, Kathryn; Harris, Rian H; Nuland, Victoria J
**Cc:** Lucas, Laura D; Feldman, Daniel F; Haq, Nayyera; Pearce, David D; Hayden, Caitlin; Sonenshine, Tara D; Sullivan, Jacob J
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Fyi, we now have a story. Toria is going out in an hour. We have asked R and/or SRAP (as R designates) to please come up with the appropriate language for Toria to use at the podium.

**From:** O'Connor, Eileen
**Sent:** Monday, September 17, 2012 6:18 PM
**To:** Hoagland, Richard E; Schalow, Kathryn; Harris, Rian H
**Cc:** Lucas, Laura D; Feldman, Daniel F; Haq, Nayyera; Pearce, David D; Hayden, Caitlin; Smith, Dana S (PA)
**Subject:** FW: Urgent Request for Clearance to Disseminate Video Clip

**Ambassador:**

**You are good to go with all clearances but please see below. We need to make it clear that this is USG message by using the seal below. Caitlin would like to get you the video clean so you don't use the bug on it. We will try to effort that and get it up on YouTube or something.**

**Best regards**
**Eileen**

2

UNCLASSIFIED U.S. Department of State  Case No. F-2012-37335  Doc No. C05340990  Date: 08/14/2013

Obtained by Judicial Watch, Inc. via FOIA

**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 5:39 PM
**To:** Visek, Richard C; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Thanks – assume others will implement.

**From:** Visek, Richard C
**Sent:** Monday, September 17, 2012 5:30 PM
**To:** Mills, Cheryl D; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Koh, Harold Hongju; Schwartz, Jonathan B; Gutherie, Peter A; Conklin, Maegan L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Cheryl – From a legal standpoint,                                                                                    B5

Rich

SBU
This email is UNCLASSIFIED.

**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 4:18 PM
**To:** Mills, Cheryl D; Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D; Visek, Richard C; Koh, Harold Hongju
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

+ Rich Visek and Harold Koh for quick turn around

**From:** Mills, Cheryl D
**Sent:** Monday, September 17, 2012 3:56 PM
**To:** Sherman, Wendy R; Sullivan, Jacob J; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

No objection – should we have L review with a short window?

cdm

**From:** Sherman, Wendy R
**Sent:** Monday, September 17, 2012 3:49 PM
**To:** Sullivan, Jacob J; Mills, Cheryl D; Kennedy, Patrick F; Burns, William J; Mull, Stephen D
**Cc:** Smitham, Thomas D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

3

C05340339 FIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

## Logsdon, Michelle R

| | |
|---|---|
| **From:** | Hoagland, Richard E |
| **Sent:** | Monday, September 17, 2012 3:19 PM |
| **To:** | Schalow, Kathryn; Saeed, Irfan A |
| **Cc:** | Logsdon, Michelle R; Sonenshine, Tara D; Pratt, Jonathan G; Kofmehl, Scott |
| **Subject:** | RE: Urgent Request for Clearance to Disseminate Video Clip |

| | | |
|---|---|---|
| **Classification:** | UNCLASSIFIED | RELEASED IN PART |
| **SensitivityCode:** | Sensitive | B5 |
| **SMARTCategory:** | Working | |

Kathy/Irfan:

Over to you to get Tara, via Michelle Logsdon, the points she requests.

Dick

Amb. Richard E. Hoagland
Charge d'affaires, a.i.
U.S. Embassy Islamabad
TEL:  92 51 208 2502
FAX:  92 51 208 2559
E/M:  HoaglandRE@state.gov

SBU
This email is UNCLASSIFIED.

**From:** Sonenshine, Tara D
**Sent:** Tuesday, September 18, 2012 12:02 AM
**To:** Hoagland, Richard E
**Cc:** Logsdon, Michelle R
**Subject:** FW: Urgent Request for Clearance to Disseminate Video Clip

Hi there.
Firstly, from far away in DC on this Jewish holiday, I am sending you and your folks at all our posts a note of appreciation and gratitude for all you are doing in this difficult time. We, at R, stand ready to assist you and offer what leverage we can.

B5

Best to you, Dick.

Tara D. Sonenshine

REVIEW AUTHORITY:  Archie Bolster, Senior
Reviewer

1

C05340339 IED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

Under Secretary

**From:** Sonenshine, Tara D
**Sent:** Monday, September 17, 2012 2:58 PM
**To:** Logsdon, Michelle R; R; Rosenthal, Aviva S
**Cc:** Fernandez, Alberto M; 'Cedar, Andrew'
**Subject:** FW: Urgent Request for Clearance to Disseminate Video Clip

Note:  There seems to be an on line debate brewing over permission for Deputy Amb. Hoagland to use CVE messaging in Pakistan to reinforce that USG is not behind the film. "Black Box" productions is the company I visited in Pakistan to watch their CVE video which are very good.

B5

None of this can be solved by internet conversations with large groups.

**From:** Smith, Dana S (PA)
**Sent:** Monday, September 17, 2012 2:51 PM
**To:** Hoagland, Richard E; Haq, Nayyera; Schalow, Kathryn; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Nides, Thomas R; Macklin, Ronita; Ventrell, Patrick H; Sherman, Wendy R; Sonenshine, Tara D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R; McCall, Dawn L; Pearce, David D; Specht, Linda; Pratt, Jonathan G; McCormick, James P; Sullivan, Jacob J; Mills, Cheryl D; Hammer, Michael A
**Subject:** Re: Urgent Request for Clearance to Disseminate Video Clip

Setting aside my basic distaste for being compared to Dilbert, I have checked and IIP is not producing their own video.

Now that this has been raised higher, PA clearance isn't the final word. I will simply offer my own recommendation to clear post

**From:** Hoagland, Richard E
**Sent:** Monday, September 17, 2012 02:25 PM
**To:** Smith, Dana S (PA); Haq, Nayyera; Schalow, Kathryn; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Nides, Thomas R; Macklin, Ronita; Ventrell, Patrick H; Lucas, Laura D; Sherman, Wendy R; Sonenshine, Tara D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R; McCall, Dawn L; Pearce, David D; Specht, Linda; Pratt, Jonathan G; Kofmehl, Scott; McCormick, James P; Sullivan, Jacob J; Mills, Cheryl D
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

Colleagues:

I've had many messages and phone calls this evening on this issue.  Let me try to be brief.

2

C05340339ᴬᴵᴱᴰ U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

B5

We have an opportunity to move fast.

With your permission, I'd like us to do so.

Dick

Amb. Richard E. Hoagland
Charge d'affaires, a.i.
U.S. Embassy Islamabad
TEL: 92 51 208 2502
FAX: 92 51 208 2559
E/M: HoaglandRE@state.gov

SBU
This email is UNCLASSIFIED.

**From:** Smith, Dana S (PA)
**Sent:** Monday, September 17, 2012 10:58 PM
**To:** Haq, Nayyera; Schalow, Kathryn; Hoagland, Richard E; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright, Richard A; Lenderking, Timothy A; Logsdon, Michelle R; McCall, Dawn L
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

There are a couple of things I see as potentially problematic here:

3

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

C05340339<del>IED</del> U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

B5

I have asked IIP if they are producing a video.

I am open to other thoughts if people disagree and more info on the questions above.

**From:** Haq, Nayyera
**Sent:** Monday, September 17, 2012 1:43 PM
**To:** Schalow, Kathryn; Hoagland, Richard E; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright,
Richard A; Lenderking, Timothy A; Logsdon, Michelle R; Smith, Dana S (PA)
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip

+ Dana Smith in Big PA

**From:** Schalow, Kathryn
**Sent:** Monday, September 17, 2012 1:40 PM
**To:** Hoagland, Richard E; Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Haq, Nayyera
**Cc:** Henick, Jonathan D; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla, Vinay; Albright,
Richard A; Lenderking, Timothy A; Logsdon, Michelle R
**Subject:** Re: Urgent Request for Clearance to Disseminate Video Clip

All, per earlier conversations with washington and internally here. We are attempting a rapid response to a volatile
situation on the ground.

**From:** Hoagland, Richard E
**To:** Harris, Rian H; O'Connor, Eileen; Lucas, Laura D; Haq, Nayyera
**Cc:** Henick, Jonathan D; Schalow, Kathryn; Saeed, Irfan A; Kofmehl, Scott; Feldman, Daniel F; Raphel, Robin L; Chawla,
Vinay; Albright, Richard A; Lenderking, Timothy A
**Sent:** Mon Sep 17 22:19:12 2012
**Subject:** RE: Urgent Request for Clearance to Disseminate Video Clip
Eileen:

I fully support this.  Can we get the Washington chop overnight?

Dick

**Amb. Richard E. Hoagland**
Charge d'affaires, a.i.
U.S. Embassy Islamabad
TEL:  92 51 208 2502
FAX:  92 51 208 2559
E/M:  HoaglandRE@state.gov

4

C05340339 IED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

This email is UNCLASSIFIED.

**From:** Harris, Rian H
**Sent:** Monday, September 17, 2012 9:06 PM
**To:** O'Connor, Eileen; Lucas, Laura D; Haq, Nayyera
**Cc:** Henick, Jonathan D; Schalow, Kathryn; Hoagland, Richard E; Saeed, Irfan A; Kofmehl, Scott
**Subject:** Urgent Request for Clearance to Disseminate Video Clip

Colleagues:

As you may have seen from the SitReps, although rain dampened turnout at planned demos in Islamabad, and gatherings were relatively peaceful in Peshawar, there were continued clashes between police and protestors in Karachi and Lahore, and we expect more demonstrations tomorrow (with even larger crowds in Karachi).

B5

Black Box has produced a one minute clip using video footage from the President's Rose Garden Remarks and the Secretary's Remarks at the U.S. – Morocco Strategic Dialogue. Here are the instructions for viewing it on a private link on YouTube. Note that you must use Google Chrome to access this, and note that the version distributed will be high-res.

Go to www.youtube.com
Sign in using the following information:
Username: blackboxsounds1@gmail.com
Password: blackboxsounds
Click on the Black Box Sounds tab on the right
Click on Video Manager
Find video with title: A Message from the U.S. Government.

This clip will be subtitled in Urdu (translation being monitored by the head of our CVE unit), and placed on the following media outlets multiple times a day during prime time slots Tuesday through Friday:

PTV Home - Terrestrial
A TV - Terrestrial
Dawn News – National
Geo News – National
Aaj TV - National
KTN – Local/Sindh
Khyber TV - Local/KP/ FATA
Appna TV – Local/Punjab

5

UNCLASSIFIED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

C05340339 IED  U.S. Department of State  Case No. F-2012-37335  Doc No. C05340339  Date: 06/18/2013

Waseb TV – Local/Seraiki (S. Punjab)

The clip will also run on the largest radio stations – i.e. Radio Pakistan, FM 100, FM 89, FM 91, and FM 104 during prime time spots. For radio, the clip *will not* be dubbed in Urdu – it is post/Black Box's judgment that this would be inappropriate, and we believe that levels of English comprehension are high enough that the message will be clear to a reasonable audience segment.

The cost of placement will be approximately $85,000. If we want to cut out radio, the cost will be $70,000. BlackBox provided the technical support to create the clip at no cost. Post has this funding available.

If you can support this, we are seeking your approval today, so that we can start running the clips tomorrow before the demonstrations begin.

Kath will follow up with Eileen with a phone call on this.

Best,
Rian

6

Exh. 2

## Chris Fedeli

**From:** Chris Fedeli
**Sent:** Monday, March 28, 2016 12:28 PM
**To:** Edney, Marsha (CIV)
**Subject:** RE: 12-cv-2034

Marsha,

Thank you, good speaking with you.  As discussed, plaintiff intends to keep the scheduled hearing in this case, and we suggest the parties prepare to cross-move for summary judgment.  Judicial Watch challenges the sufficiency of the State Department's searches in this case, past and present.

Concerning your question about whether State's searches prior to reopening remain at issue in this lawsuit, I refer you to my email dated April 30, 2015 (I can forward it to you if you like).  In that email, I sent you back a redline with comments on a draft joint motion to reopen.  You had added in redline to that draft that JW wouldn't "challenge the adequacy of the prior search," and I deleted that insert.  In doing so, here's what I told you in the comment in the draft:

> "We can't agree to this change.  You can argue State's compliance with FOIA if and when it
> becomes an issue in the litigation – we have no idea if it will.  More importantly, your above
> explaination fails to show why this change is necessary or should be a concern for State,
> assuming State intends to comply with FOIA and produce a legally sufficient search
> affidavit.   We're not going to resolve these legal questions now, and neither one of us has any
> idea what the New York Times is going to report six months from now."

Obviously there have been many additional reports and releases of State Department documents which more clearly establish the timeline of State's knowledge of various facets of clintonemail records since you and I filed the joint motion to reopen a year ago.  Naturally, when your client files its search declaration, I expect those reports will be accounted for and your client will assume responsibility and sufficiently explain why it has failed in its FOIA obligations for as long as it has.

Chris

**From:** Edney, Marsha (CIV) [mailto:Marsha.Edney@usdoj.gov]
**Sent:** Monday, March 28, 2016 11:47 AM
**To:** Chris Fedeli
**Subject:** RE: 12-cv-2034

Good morning Chris.

I have spoken with the Agency and have confirmed that the following searches were run:
- The Clinton email collection (the "55K")
- Recently retired records from the Office of the Executive Secretariat, consisting of shared office folders from the Office of the Secretary and individual folders of files belonging to Jake Sullivan, Cheryl Mills, and Huma Abedin
- The material provided to the Department by Mills, Abedin, Sullivan, and Reines

These searches retrieved no responsive records to your FOIA request.   Thus, processing of your FOIA request is now complete.

I propose that we jointly move to cancel the status hearing on Thursday and discuss filing  a stipulation of dismissal

I am available to discuss

Marsha

---

**From:** Chris Fedeli [mailto:CFedeli@JUDICIALWATCH.ORG]
**Sent:** Tuesday, March 08, 2016 4:58 PM
**To:** Edney, Marsha (CIV)
**Subject:** RE: 12-cv-2034

Thanks.  Safe travels.

---

**From:** Edney, Marsha (CIV) [mailto:Marsha.Edney@usdoj.gov]
**Sent:** Tuesday, March 08, 2016 4:44 PM
**To:** Chris Fedeli
**Subject:** 12-cv-2034

Chris – in response to your questions:

1) State will begin to  perform the search of the 55K documents we originally discussed, and by March 28, I will provide you with the document numbers of any responsive records which will allow you to find those documents on the public website.
2) State will perform searches of the shared office folders and individual folders which originated in the Office of the Executive Secretariat and have since been retired. State will also search the documents provided to the Department by  Abedin, Mills, Reines, and Sullivan.  I will also  provide you with an update on the status of these searches on March 28.

Thanks Marsha

Exh. 3

## Chris Fedeli

| | |
|---|---|
| **From:** | Chris Fedeli |
| **Sent:** | Thursday, April 30, 2015 3:15 PM |
| **To:** | 'Edney, Marsha (CIV)' |
| **Subject:** | RE: 2015.4.30 Second proposed draft Joint Rule 60(b) motion.docx |

If your client is going to tell us in six months that this current search was adequate, we may want to know the basis for that belief in a search affidavit.  If you believe that explanation can ignore recent history and still constitute a sufficient search affidavit, I'll consider the merits of your argument when the affidavit is offered.

**From:** Edney, Marsha (CIV) [mailto:Marsha.Edney@usdoj.gov]
**Sent:** Thursday, April 30, 2015 2:55 PM
**To:** Chris Fedeli
**Subject:** RE: 2015.4.30 Second proposed draft Joint Rule 60(b) motion.docx

One question is why you cannot agree to the adequacy of the prior search – the issue now is whether there are additional docs that need to be searched and we can fight about that when the litigation is re-opened. I purposely limited the language to prior search for this reason.

**From:** Chris Fedeli [mailto:CFedeli@JUDICIALWATCH.ORG]
**Sent:** Thursday, April 30, 2015 2:18 PM
**To:** Edney, Marsha (CIV)
**Subject:** RE: 2015.4.30 Second proposed draft Joint Rule 60(b) motion.docx

My comments and further edits are in the attached document.  I left your comments in so you can see what I'm responding to.  For clarity, my comment bubbles are the ones that show up in bold and yellow highlight.  Call me if you're unclear about anything, and please let me know your response.

Chris

**From:** Edney, Marsha (CIV) [mailto:Marsha.Edney@usdoj.gov]
**Sent:** Thursday, April 30, 2015 9:04 AM
**To:** Chris Fedeli
**Subject:** 2015.4.30 Second proposed draft Joint Rule 60(b) motion.docx

Attached are our comments to your proposed revisions.  I accepted the ones that we could  and for the ones we can't I provided you with our explaination.   I think the comments are self-explanatory but let me know if you want to discuss. I am working remotely and can call you if necessary. Just email me and let me know you want to talk.

Marsha